Citation Nr: 1237365 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 06-26 573 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to a rating in excess of 10 percent for post operative residuals of lateral anterior cruciate ligament reconstruction of the left knee. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

T. Hal Smith, Counsel



INTRODUCTION

The Veteran served on active duty from September 1978 to October 2002. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from an August 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

VA FORM 8 dated in February 2012 reflects that the Veteran requested a hearing regarding his claim for a rating in excess of 10 percent for his left knee disorder. Documentation in the claims file shows that a video conference hearing was scheduled for August 2, 2012. The Veteran failed to appear. The Board notes that added to the record in mid August 2012 was a July 2012 statement by the Veteran in which he noted that he was in Afghanistan at the time of the hearing and was unable to appear. He would return to the United States in September 2012, and he requested that he be rescheduled for a Travel Board hearing. 

The Board finds that the Veteran showed good cause for what was thought his failure to appear. See 38 C.F.R. § 20.704(d) (2012). It is a basic principle of veterans' law that the Board shall decide an appeal only after affording the claimant an opportunity for a hearing. 38 U.S.C.A. § 7104 (West 2002 & Supp. 2011). Pursuant to 38 C.F.R. § 20.700 (2012), the Veteran should be scheduled for the next available Travel Board at his RO. As the Regional Office schedules Travel Board hearings, a remand is warranted.


Accordingly, the case is REMANDED for the following action:

The RO shall reschedule the Veteran for a Travel Board hearing regarding this matter at the earliest available opportunity. Notification of the date and time of the hearing shall be sent to the Veteran at his latest address of record as well as to his representative. After the hearing or after the Veteran's failure to appear for the hearing, the claims file should be returned to the Board for further appellate consideration, if in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
L. M. BARNARD
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002 & Supp 2011), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2).